UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAGHRI HOTELS INC., | No. 2:23-cv-02169-DAD-SCR (PS) |
| Plaintiff, | |
| v. | ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND REMANDING THIS ACTION TO THE SACRAMENTO COUNTY SUPERIOR COURT |
| HOWARD HERSHIPS, et al., | |
| Defendants. | (Doc. Nos. 3, 5, 6, 12) |

This is an unlawful detainer action brought under California state law by plaintiff Baghri Hotels Inc., against defendants Howard Herships and Karen Fletcher. On October 2, 2023, defendants, proceeding *pro se*, removed this case to this federal court from the Sacramento County Superior Court.[1] (Doc. No. 1.) According to defendants, removal is proper because this action purportedly arises under federal law. (*Id.* at 2.) Also on October 2, 2023, defendants filed a counterclaim against Baghri Hotels Inc. and third-party complaint against two other third-party defendants, purportedly asserting both federal and state law claims. (Doc. No. 2.)

On October 22, 2023, plaintiff filed the pending motion to remand this action to the Sacramento County Superior Court due to this court's lack of subject matter jurisdiction over this

---

[1] This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. In light of the recent reassignment of the assigned magistrate judge, and in the interests of judicial efficiency, the undersigned hereby withdraws that reference.

1

unlawful detainer action.  (Doc. No. 5.)  Defendants did not file a substantive opposition to the pending motion to remand.  On December 5, 2023, plaintiff filed a reply in support of its motion to remand.  (Doc. No. 13.)

A district court has "a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not." *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004).  The removal statute, 28 U.S.C. § 1441, is strictly construed against removal jurisdiction.  *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010).  It is presumed that a case lies outside the limited jurisdiction of the federal courts, and the burden of establishing the contrary rests upon the party asserting jurisdiction.  *Geographic Expeditions*, 599 F.3d at 1106–07.  In addition, "the existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims."  *ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality*, 213 F.3d 1108, 1113 (9th Cir. 2000).  "The strong presumption against removal jurisdiction" means that "the court resolves all ambiguity in favor of remand to state court."  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).  That is, federal jurisdiction over a removed case "must be rejected if there is any doubt as to the right of removal in the first instance."  *Geographic Expeditions*, 599 F.3d at 1107.  "If at any time prior to judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 932 (9th Cir. 2001).  Remand under 28 U.S.C. § 1447(c) "is mandatory, not discretionary."  *Bruns v. NCUA*, 122 F.3d 1251, 1257 (9th Cir. 1997); *see also California ex. rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004).  Where it appears, as it does here, that the district court lacks subject matter jurisdiction over a removed case, "the case shall be remanded."  28 U.S.C. § 1447(c).

"The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *California v. United States*, 215 F.3d 1005, 1014 (9th Cir. 2000); *see also Dynegy*, 375 F.3d at 838.  Under the well-pleaded complaint rule, courts look to what "necessarily appears in the plaintiff's statement of his own

1  claim in the bill or declaration, unaided by anything in anticipation of avoidance of defenses
2  which it is thought the defendant may interpose." *California*, 215 F.3d at 1014. Accordingly, "a
3  case may not be removed on the basis of a federal defense . . . even if the defense is anticipated in
4  the plaintiff's complaint and both parties concede that the federal defense is the only question
5  truly at issue." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also Vaden v.*
6  *Discover Bank*, 556 U.S. 49, 70 (2009) ("It does not suffice to show that a federal question lurks
7  somewhere inside the parties' controversy, or that a defense or counterclaim would arise under
8  federal law.").

9       Here, defendants have not shown that removal of this action to this federal court is
10 appropriate. Plaintiff's complaint in this case is a straight-forward unlawful detainer action that is
11 based entirely on state law. There is no federal question present in the complaint.

12      Because there is no federal question appearing in plaintiff's complaint in this case,
13 defendant has failed to properly invoke this court's jurisdiction. Remand of this case to the
14 Sacramento County Superior Court is appropriate and mandatory. 28 U.S.C. § 1447(c);
15 *Geographic Expeditions*, 559 F.3d at 1107; *Bruns*, 122 F.3d at 1257.

16      Accordingly,
17      1.   Plaintiff's motion to remand (Doc. No. 5) is granted;
18      2.   Defendants' request for e-filing access (Doc. No. 3) and administrative motion to
19           strike (Doc. No. 12) are denied as having been rendered moot by this order;
20      3.   Plaintiff's motion to dismiss defendants' counterclaim (Doc. No. 6) is denied as
21           also having been rendered moot by this order;
22      4.   This action is remanded forthwith to the Sacramento County Superior Court,
23           pursuant to 28 U.S.C. § 1447(c), for lack of subject matter jurisdiction; and
24      5.   The Clerk of the Court is directed to close this case.

25      IT IS SO ORDERED.

26 Dated:  **September 6, 2024**
27                                                DALE A. DROZD
                                                  UNITED STATES DISTRICT JUDGE
28